# In the United States Court of Federal Claims

*Pro Se*
(Not for Publication)

|  |  |
|---|---|
| MICHAEL RANKINS, | ) No. 18-105C |
| | ) (Filed: January 24, 2018) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

FILED
JAN 24 2018
U.S. COURT OF
FEDERAL CLAIMS

**ORDER**

On January 22, 2018, pro se plaintiff Michael Rankins filed a complaint and application to proceed in forma pauperis. Docket Nos. 1, 4. In his complaint, he alleges that the government has "refuse[d] to provide [him] with DNA testing under the Innocence Protection Act." Specifically, he asserts that he was prosecuted in federal court for robbing a bank, but that the government possesses a ski mask from the robbery on which it has refused to conduct DNA testing. For that alleged failure, Mr. Rankins seeks $15 million "in compensatory damages" and an order requiring "the defendant to provide DNA testing of the ski mask." Finally, Mr. Rankins states that he has not "begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action."

Contrary to Mr. Rankins' assertion, he has previously filed a lawsuit in this court based on the exact same factual allegations. See Order, Rankins v. United States, No. 17-979C (Fed. Cl. Dec. 4, 2017), Docket No. 17. Moreover, the Court determined in that prior case that it lacked subject matter jurisdiction over Mr. Rankins' complaint. Id. The only apparent difference between that complaint and the current one is that rather than asserting that the government's alleged failure to perform DNA testing on the ski mask resulted in a due process violation and unjust conviction, Mr. Rankins now asserts that the government's alleged failure violates the Innocence Protection Act, and that this provides a basis for jurisdiction under the Tucker Act. He does not point to any specific provision of the Innocence Protection Act.

Although the government has not yet answered the complaint, the Court may raise subject matter jurisdiction sua sponte at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims; see also Arbaugh, 546 U.S. at 506–07, 514 (stating that "courts . . . have an independent obligation to determine whether subject matter exists, even in the absence of a challenge from any party").

7017 1450 0000 1346 0911

Generally, in determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (per curiam); Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) (per curiam) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

The Innocence Protection Act of 2004 is not a separate source of substantive law creating the right to money damages. It was enacted as part of the Justice for All Act of 2004. Pub. L. No. 108-405, Title IV, 118 Stat. 2260 (codified at 18 U.S.C. §§ 3600–3600A, 34 U.S.C. §§ 60301–306). The act created procedures for imprisoned individuals to obtain DNA testing of evidence in certain circumstances. See id. It also included procedures for the testing itself and the reporting of test results and provided grants to states to carry out its provisions. Id. But the act does not contain any provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained" and that is "reasonably amenable to the reading that it mandates a right of recovery in damages" with respect to incarcerated individuals. See Greenlee Cty. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472–73 (2003)) (emphasis omitted). The act is primarily a criminal procedure statute. Considering that this court does not have jurisdiction over criminal matters, Hephzibah-El v. United States, 676 F. App'x 1011, 1012 (Fed. Cir. 2017) (per curiam); Hardin v. United States, 123 Fed. Cl. 667, 671 (2015), and based on the lack of any money-

mandating language in the act, the Court must conclude that it does not have jurisdiction over Mr. Rankins' complaint.[1]

Accordingly, Mr. Rankins' complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.[2] The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[1] The Court also notes that the act appears to provide for exclusive jurisdiction in the "court that entered the judgment of conviction," providing another ground for concluding that the Court of Federal Claims lacks jurisdiction over claims under the Innocence Protection Act. See 18 U.S.C. § 3600(a).

[2] As noted above, Mr. Rankins also filed an application to proceed in forma pauperis. The in forma pauperis statute, however, prohibits a prisoner from bringing an action under it if he or she "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Rankins is currently incarcerated and has filed well more than three such actions. See, e.g., Rankins v. Currie, 104 F. App'x 320 (4th Cir. 2004) (per curiam) (dismissing appeal as frivolous); Rankins v. Hargrave, No. 3:14-cv-194-FDW, 2014 WL 1910792, at *4 (W.D.N.C. 2014) (dismissing complaint for failure to state a claim); Order, Rankins v. Beck, No. 5:04-CT-579-FL (E.D.N.C. Oct. 17, 2004), Docket No. 5 (dismissing complaint as frivolous); see also Order at 2, Rankins v. Dysart, No. 5:15-CT-3017-BO (E.D.N.C. Mar. 12, 2015), Docket No. 4. Further, he has not made any plausible allegation that he is under imminent danger of serious physical injury; he asserts only in conclusory fashion that prison officials are being "deliberate[ly] indifferen[t] to his medical needs" and that he is under threat because he is labeled a "snitch." These are not sufficient. See Warren v. United States, 106 Fed. Cl. 507, 509 (2012); see also Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415, 420–22 (D.C. Cir. 2009). Accordingly, Mr. Rankins is barred from proceeding in forma pauperis and his application is **DENIED**.